DAVID N. WOLF (6688)
LANCE SORENSON (10684)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: lancesorenson@agutah.gov

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD ASSOCIATION OF UTAH,<br><br>                          Plaintiff,<br>v.<br><br>JOSEPH MINER, in his official capacity as Executive Director of the Utah Department of Health; MARK B. STEINAGEL, in his official capacity as Director of the Utah Division of Occupational and Professional Licensing; SIM GILL, in his official capacity as District Attorney for Salt Lake County; SEAN D. REYES, in his official capacity as Attorney General for the State of Utah; and GARY R. HERBERT, in his official capacity as Governor for the State of Utah,<br><br>                          Defendants. | STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Case No. 2:19-cv-00238<br><br>Judge Clark Waddoups |

Defendants Joseph Miner, Mark B. Steinagel, Sean D. Reyes and Gary R. Herbert (the "State Defendants"), submit their Answer to Plaintiff's Complaint and assert their defenses as

follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

1. In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, the State Defendants deny HB 136 prevents women from exercising their constitutional right to abortion and threatens the rights, liberty, and wellbeing of Utah women and families. The State Defendants admit that HB 136 would have taken effect on May 14, 2019 in the absence of the stipulated preliminary injunction that the Court has entered. To the extent a further response to paragraph 1 is deemed necessary, the State Defendants deny the remaining allegations contained in paragraph 1.

2. The allegations contained in paragraph 2 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the State Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the State Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the State Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

Case 2:19-cv-00238-CW   Document 35   Filed 05/02/19   Page 3 of 8


6. The allegations contained in paragraph 6 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 6 and, therefore, deny the same.

7. In response to paragraph 7 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 7 and, therefore, deny the same.

8. The State Defendants admit the allegations of paragraph 8 of Plaintiff's Complaint.

9. The State Defendants admit the allegations of paragraph 9 of Plaintiff's Complaint.

10. The allegations contained in paragraph 10 of Plaintiff's are not directed at these answering State Defendants and, thus, no response is necessary. To the extent a response is deemed necessary, the State Defendants admit the allegations of paragraph 10 of Plaintiff's Complaint.

11. The State Defendants admit the allegations of paragraph 11 of Plaintiff's Complaint.

12. The State Defendants admit the allegations of paragraph 12 of Plaintiff's Complaint.

13. In response to the allegations contained in paragraph 13 of Plaintiff's Complaint, the State Defendants admit that the Utah legislature adopted amendments to the Utah's abortion code in 1991. The remaining allegations of paragraph 13 constitute legal conclusions to which

no response is necessary. To the extent a response is deemed necessary, the provisions of the 1991 amendments speak for themselves.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of the cases cited by Plaintiff speak for themselves.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of the cases cited by Plaintiff speak for themselves.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of the Utah Code cited by Plaintiff speak for themselves.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of the Utah Code cited by Plaintiff speak for themselves.

18. In response to paragraph 18 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 18 and, therefore, deny the same.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of HB 136 speak for themselves.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary,

the provisions of HB 136 speak for themselves.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of HB 136 speak for themselves.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of HB 136 speak for themselves.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of HB 136 speak for themselves.

24. The allegations contained in paragraph 24 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of HB 136 speak for themselves.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the provisions of HB 136 speak for themselves.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the State Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. In response to paragraph 27 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 27 and, therefore, deny the same.

28. In response to paragraph 28 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 28 and, therefore, deny the same.

29. In response to paragraph 29 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 29 and, therefore, deny the same.

30. In response to paragraph 30 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 30 and, therefore, deny the same.

31. In response to paragraph 31 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 31 and, therefore, deny the same.

32. In response to paragraph 32 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 32 and, therefore, deny the same.

33. In response to paragraph 33 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 33 and, therefore, deny the same.

34. In response to paragraph 34 of Plaintiff's Complaint, the State Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 34 and, therefore, deny the same.

35. The State Defendants incorporate by reference their responses contained in

paragraphs 1 through 34 above.

36. The State Defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

37. The State Defendants deny each and every allegation of Plaintiff's Complaint, which is not specifically admitted or otherwise pleaded to herein.

### THIRD DEFENSE

The statutory regulation does not violate the Fourteenth Amendment.

### FOURTH DEFENSE

HB 136 is within the constitutional power of the State.

### PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, the State Defendants pray that the Complaint be dismissed, with prejudice, that Plaintiff take nothing thereby, and such other relief as the Court deems just.

DATED:  May 2, 2019.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Lance Sorenson
LANCE SORENSON
DAVID N. WOLF
*Counsel for State Defendants*

## CERTIFICATE OF MAILING

      I certify that on **May 2, 2019**, I electronically filed the foregoing, **STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**, using the Court's electronic filing system and I also certify that a true and correct copy of the foregoing was sent by email to the following:

Leah Farrell
John Mejia
American Civil Liberties Union of Utah Foundation, Inc.
355 N. 300 W.
Salt Lake City, UT 84103
lfarrell@acluutah.org
jmejia@acluutah.org

Jennifer Sandman
Planned Parenthood Federation of America
123 William Street, 9th Floor
New York, NY 10038
jennifer.sandman@ppfa.org

Julie Murray
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
julie.murray@ppfa.org

Darcy Goddard
Office of the Salt County District Attorney
35 East 500 South
Salt Lake City, Utah 84111
Dgoddard@slco.org

                                              */s/ Mohamed I. Abdullahi*
                                              Legal Secretary