<u>Prepared by</u>:
Sim Gill (Utah Bar No. 6389)
Salt Lake County District Attorney
Darcy M. Goddard (Utah Bar No. 13426)
Deputy District Attorney
Office of the Salt Lake County District Attorney
35 East 500 South, Salt Lake City, Utah 84111
Telephone: 385.468.7700
Facsimile: 385.468.7800
E-mail: dgoddard@slco.org

*Counsel for Salt Lake County District Attorney Sim Gill*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Planned Parenthood Association of Utah, on behalf of itself and its patients, physicians, and staff,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph Miner, in his official capacity as Executive Director of the Utah Department of Health, et al.,<br><br>    Defendants. | Case No. 2:19-cv-00238-CW<br><br>**SALT LAKE COUNTY DISTRICT ATTORNEY SIM GILL'S AND PLANNED PARENTHOOD'S JOINT AND STIPULATED MOTION FOR ENTRY OF PRELIMINARY INJUNCTIVE RELIEF**<br><br>The Honorable Clark Waddoups |

Salt Lake County District Attorney Sim Gill ("DA Gill") and Plaintiff Planned Parenthood Association of Utah ("PPAU"), by and through undersigned counsel, submit this Joint and Stipulated Motion for Entry of Preliminary Injunctive Relief.

In its Complaint (Doc. 2), PPAU alleges that HB136, "Abortion Amendments," passed by the Utah State Legislature in its 2019 Session, would unconstitutionally restrict the substantive due process rights of patients seeking previability abortions at or after 18 weeks. DA Gill acknowledged in his Answer to the Complaint (Doc. 32) that HB136 appears to be,

> plainly contrary to binding legal precedent from the Tenth Circuit Court of Appeals, which in 1996 considered and rejected as constitutionally unsound a similar yet less restrictive Utah statute. *Jane L. v. Bangerter*, 102 F.3d 1112 (10th Cir. 1996) (interpreting United States Supreme Court decisions in *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992), to strike down Utah's then-existing statutory ban on most abortions performed at or after 22 weeks).
> . . .
> It is therefore the policy of DA Gill that neither he nor any of his deputies will commence any criminal prosecution in connection with the 18-week ban unless and until the Tenth Circuit or the United States Supreme Court issues an opinion upholding as constitutional the 18-week ban provided for in HB136.

(Doc. 32 at pp. 2-3 (emphasis added).)

PPAU does not believe that DA Gill is obligated to maintain the position on non-enforcement described above, or that such a position—if adopted as a policy of DA Gill's office—would have any legal effect on PPAU's claims in this case. PPAU thus believes it has a continuing interest in obtaining preliminary injunctive relief against DA Gill. DA Gill is willing to stipulate to this preliminary injunctive relief because, in his view, it does no more than incorporate the policy of non-enforcement described in his answer.

In light of the parties' positions, DA Gill and PPAU now stipulate and agree to the entry of a preliminary injunction by which DA Gill and all deputy district attorneys and employees of the Salt Lake County District Attorney's Office are enjoined from enforcing HB 136 until this matter is decided on the merits by trial or dispositive motion. DA Gill and PPAU further

stipulate and agree that the order should remain in place, if acceptable to the Court, for the duration of an initial appeal by whichever party does not prevail in the District Court.

Respectfully submitted this 8th day of May, 2019.

        Sim Gill
        Salt Lake County District Attorney

        /s Darcy M. Goddard
        Darcy M. Goddard
        Deputy District Attorney
        Counsel for Salt Lake County District Attorney
           Sim Gill

        /s Julie Murray*
        Julie Murray
        Jennifer Sandman
        Leah Farrell
        John Mejia
        Counsel for Planned Parenthood Association
           of Utah

* Signed electronically with permission from Ms. Murray