Sim Gill (Utah Bar No. 6389)
Salt Lake County District Attorney
Darcy M. Goddard (Utah Bar No. 13426)
Deputy District Attorney
Office of the Salt Lake County District Attorney
35 East 500 South
Salt Lake City, Utah 84111
Telephone: 385.468.7700
Facsimile: 385.468.7800
E-mail: dgoddard@slco.org

*Counsel for Salt Lake County District Attorney Sim Gill*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Planned Parenthood Association of Utah, on behalf of itself and its patients, physicians, and staff,<br><br>Plaintiff,<br><br>v.<br><br>Joseph Miner, in his official capacity as Executive Director of the Utah Department of Health, et al.,<br><br>Defendants. | Case No. 2:19-cv-00238-CW<br><br>**SALT LAKE COUNTY DISTRICT ATTORNEY SIM GILL'S RESPONSE TO "MOTION TO SUBMIT EVIDENCE" FILED BY PROPOSED AMICUS CURIAE JONATHAN PETERSON**<br><br>The Honorable Clark Waddoups |

Salt Lake County District Attorney Sim Gill ("DA Gill") submits this response to the "Motion to Submit Evidence" filed by proposed amicus curiae Jonathan Peterson on May 6, 2019 (Doc. 37).

It appears from Mr. Peterson's Motion that he wishes not only to "submit evidence" that he believes is relevant to the Court's determination of the constitutionality, or not, of HB136 (*see*

Doc. 37 at 15-17), but that he seeks also to compel by subpoena the testimony of ten putative expert and fact witnesses who Mr. Peterson asserts have received or should receive and be ordered to complete his "Science Survey" as to the "Beginning of Life For All (higher) Life Forms: Except Human Beings" (*see* Doc. 37 at 3, 4-14).  It is unclear whether Mr. Peterson seeks this testimony by deposition, interrogatory, or otherwise.  (Doc. 37 at 3 ("I request the courts and other parties subpoena expert witnesses I have requested and any other qualified experts for their under oath or affidavit opinion" (emphasis added)).)

As a non-party to this action, Mr. Peterson may not notice or subpoena a deposition, nor may he serve interrogatories on any of the ten individuals named in his motion.  *See* Fed. R. Civ. P. 30, 31, 33 (limiting these discovery devices to "a party").  Mr. Peterson is similarly unable to serve interrogatories on any of the eight non-party individuals from whom he seeks testimony "under oath or affidavit opinion."  *See* Fed. R. Civ. P. 33 (noting, "a party may serve [interrogatories] on any other party" (emphases added)).  Moreover, the materials and testimony proffered by Mr. Peterson fail the relevance criteria of Federal Rule of Evidence 401 and the proportionality criteria of Federal Rule of Civil Procedure 26(b)(1) (requiring that discovery be "proportional to the needs of the case" considering, inter alia, "the importance of the discovery in resolving the issues").

The Court's determination of the constitutionality, or not, of HB136 will depend, largely if not solely, on the Court's view of whether prior decisions by the Supreme Court of the United States and the Tenth Circuit Court of Appeals remain controlling precedent in this judicial district.  Any discovery, much less the type of extraneous and burdensome third-party discovery

sought by Mr. Peterson, will be both unnecessary to assist the Court in reaching its decision and needlessly expensive and time-consuming for the parties and, ultimately, for Utah taxpayers.

For the foregoing reasons, DA Gill urges the Court to deny Mr. Peterson's request to submit evidence and to compel by subpoena the testimony of ten putative expert and fact witnesses.  Mr. Peterson's motion (Doc. 37) should be denied.

Respectfully submitted this 13th day of May, 2019.

        Sim Gill
        Salt Lake County District Attorney

        /s Darcy M. Goddard
        Darcy M. Goddard
        Deputy District Attorney
        Counsel for Salt Lake County District Attorney
           Sim Gill